**STIX & CO., INC., Respondent,**

v.

**FIRST MISSOURI BANK & TRUST COMPANY OF CREVE COEUR, Appellant.**

No. 38455.

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 14, 1978.

Charles Alan Seigel, Gunn & Gunn, St. Louis, for defendant-appellant.

Theodore Ponfil, Richard S. Marx, Clayton, for plaintiff-respondent.

STEWART, Presiding Judge.

Plaintiff-respondent, Stix & Co. (Stix) is a securities brokerage company. Defendant-appellant, First Missouri Bank and Trust Company of Creve Coeur (Bank) is a banking corporation. Stix filed suit in the circuit court against Bank in two counts seeking damages arising out of a stock transaction. Bank filed a counterclaim in two counts for malicious prosecution of civil actions. Upon motion of Stix the court dismissed Bank's amended counterclaim as premature. The court's action was designated as an appealable order under Rule 81.06 and Bank has duly appealed.

Before we can define and discuss the issues in this cause we must first determine the standard of our review. Stix urges that the cause "[s]hould be and was no doubt treated by the court . . . as a motion

for summary judgment" under the provisions of Rule 55.27(a).[1] Bank contends that we must review the amended counterclaim as we would any pleading seeking relief and that we are confined solely to the allegations of the questioned pleading.

Plaintiff's motion to dismiss was in the usual form of such motions merely stating that the "[c]ounterclaim fails to state a cause of action and fails to state sufficient facts upon which relief can be granted."

The court's order reads:

"The question raised in this motion is whether the dismissal of the Federal Court actions in question constitute a 'termination in favor' of First Missouri Bank & Trust Co. of Creve Coeur to allow them to maintain a malicious prosecution action. It is the court's opinion that it does not. It is, therefore, the order of the court that plaintiff's Motion to Dismiss Defendant's Amended Counterclaim is sustained. This is designated as an appealable order pursuant to 81.06 Missouri Supreme Court rules."

■ Stix contends that there were matters other than the counterclaim before the court upon which the court sustained the motion to dismiss as a motion for summary judgment and that we should also consider these matters. Stix directs us to what is designated as an order of the United States District Court with a Memorandum of Law attached dated February 24, 1975, in a case styled *Stix & Co. Inc. v. First Missouri Bank & Trust Co. of Creve Coeur,* (Federal Suit) and an order and memorandum of the same court dated April 14, 1975, with respect to the same case. None of the documents is under the seal of the United States District Court. The first order purports to dismiss Count I of plaintiff's petition with

prejudice. The second order dismisses Count II and Count III with prejudice. The latter memorandum states that the dismissal of Count III is because of lack of subject matter jurisdiction. The transcript before us contains no basis for the inclusion of the orders and memoranda of the Federal Suit in the transcript on this appeal. These documents were not made exhibits to the counterclaim, and the record does not show that they were offered in evidence in support of the motion to dismiss. Like the abandoned pleading which appears in a transcript, unless the record reveals that the documents were properly made part of the record we cannot say that they were before the trial court and they are not now before us. *Lightfoot v. Jennings,* 363 Mo. 878, 254 S.W.2d 596, 597[1–4] (1953). See also *Dugan v. Trout,* 271 S.W.2d 593, 599[12] (Mo.App.1954).

■ We also note that the court did not give notice to the parties that he would consider the motion to dismiss as a motion for summary judgment and give Stix the opportunity to submit evidentiary matters in accordance with Rule 74.04. *Laclede Gas Company v. Hampton Speedway Co., et al.,* 520 S.W.2d 625, 629[3] (Mo.App.1975). We may not treat the action of the court as a summary judgment.

■ Under the circumstance, the nature of our review is the same as that accorded pleadings seeking affirmative relief. We are limited to a review of the pleading that is attacked. *McDonough v. Aylward,* 500 S.W.2d 721, 722[1] (Mo.1973). We must assume as true all facts well pleaded and any inferences fairly deducible from the facts pleaded; we construe the pleading favorably to the pleader giving him the benefit

---

1. "(a) . . . Every defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . . . .

"(6) failure to state a claim upon which relief can be granted,

. . . . .

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04."

of every reasonable and fair intendment in view of the facts pleaded. *Jacobs v. Jacobs,* 272 S.W.2d 185, 188 (Mo.1954).

Frustrating as it may be, we must make our determination solely upon the amended counterclaim, which we will refer to as counterclaim. We may not look to the orders and memoranda of the United States District Court's Bank's abandoned motion to dismiss plaintiff's petition and the exhibit attached (plaintiff's petition in the District Court) or to Bank's original counterclaim.

The elements of the cause of action for malicious prosecution, civil or criminal, are concisely stated in *Hoene v. Associated Dry Goods Corp.,* 487 S.W.2d 479 (Mo.1972) l.c. 483:

> "(1) the commencement of a prosecution against plaintiff; (2) its legal causation by defendant; (3) its termination in favor of plaintiff; (4) the absence of probable cause therefor; (5) the presence of malice; and (6) damage to plaintiff therefrom."

The parties agree that the primary issue on this appeal is whether Bank's counterclaim pleads that the Federal Suit filed by Stix has been terminated in favor of Bank.

 Termination in favor of the party bringing the action for malicious prosecution means the final disposition of the cause forming the basis of the action in favor of the party against whom the original action was brought and adversely to the party bringing the original action. Termination may be effected by final judgment on the merits, dismissal of a cause by the court with prejudice and by abandonment of the action. *McFarland v. Union Finance Co.,* 471 S.W.2d 497, 499[3] (Mo.App.1971). Where an action has been dismissed but the party asserting the claim intends to continue to assert the claim the action has not been disposed of adversely to the party asserting the claim. This is particularly evident when the cause is in fact reasserted by the commencement of another suit. *Hales v. Raines,* 162 Mo.App. 46, 141 S.W. 917, 920[4] (1911). A dismissal for lack of subject matter jurisdiction is not res judicata

as to the merits of the cause and we may look behind the judgment recital in order to determine the cause of the dismissal. *Sheen v. DiBella,* 395 S.W.2d 296, 303[7] (Mo.App.1965). See also Rule 41 Fed.R. Civ.P. It follows that a cause dismissed for lack of subject matter jurisdiction has not been terminated in favor of the party bringing an action for malicious prosecution based upon that dismissal.

 In determining whether there has been a termination of Stix's claim against Bank we consider the following guiding principles. A party can have but one recovery for one wrong. *Haley v. Byers Transport Co.,* 394 S.W.2d 412, 416[5, 6] (Mo. 1965). The essential ingredients of a single cause of action are plaintiff's primary right and defendant's wrongful violation of that right. *Hales v. Raines, supra* at page 920. A pleader may make two or more statements of a cause of action alternatively or hypothetically in one count or in separate counts and if any one of the statements of the claim is sufficient the pleading is not bad by reason of the insufficiency of one or more of the alternative statements. This holds true under our rules of civil procedure (Rule 55.10) and under the Federal Rules of Civil Procedure (Rule 8(e)(2)). A voluntary dismissal is without prejudice unless otherwise stated. Fed.R.Civ.P. 41(a)(1). VAMR 67.01.

To determine whether Bank's counterclaim alleges a termination of the Federal Suit in its favor we first look to Bank's counterclaim to determine the nature of the claim or claims made by Stix in its Federal Suit.

Count I of Bank's amended counterclaim alleges that Stix filed an action in three counts against Bank and others in the United States District Court for the Eastern District of Missouri. Bank alleges that Count I of Stix's Federal Suit charged that Bank and others conspired to violate section 12 of the Securities Act of 1934 by circulating in commerce an unregistered stock certificate. Factually it charged that Bank placed an order with Stix, as broker, to sell

25,000 shares of stock of Arboreal Associates Inc.; that Stix, as ordered, sold the shares to Dopler and Company who in turn sold it to Horvat, Maniscalco & Co.; that Stix paid Bank for the stock and Bank delivered the stock certificate to Stix who delivered it to Dopler. Thereafter Dopler advised Stix that the stock could not be transferred because it was not registered as required under the Securities Act of 1933.

Bank, in its counterclaim, further alleged that the District Court dismissed Count I of the Federal Suit with prejudice.

Count II of Bank's amended counterclaim alleged that Count II of Stix's Federal Suit was based upon the same set of facts set out in Count I of the Federal Suit and further charged that under those facts Bank, among other things, used instruments of transportation or communications in interstate commerce to employ a device, scheme or artifice to defraud plaintiff in violation of the Securities Act of 1933 (15 U.S.C. § 77q). Bank alleges that Count II of Stix's Federal Suit was dismissed with prejudice.

Bank, in both Count I and Count II of the counterclaim, alleges that Stix dismissed its "[F]ederal suit in its entirety" after Counts I and II had been dismissed with prejudice. The voluntary dismissal would constitute a dismissal of Count III without prejudice. Fed.R.Civ.P. 41. *In re Piper Aircraft Distribution System Antitrust Litigation,* 551 F.2d 213, 219[7, 8] (8th Cir. 1977).

We hold that Counts I and II constituted two statements of but one claim because each count is based on the same set of facts and Stix could have only one recovery arising for the one wrong.

At this point, the manner in which the case comes to us prevents us from making a final determination of the issues sought to be determined. The counterclaim does not contain a statement of the basis of Stix's claim in Count III of Stix's Federal Suit. Stix was not confined to alleging only one claim in the alternative or hypothetical form in its action but was at liberty to join as many claims independently or alternatively as it had against Bank. Fed.R.Civ.P.

18(a). Thus we may not assume that Count III of the Federal Suit was but an alternative statement of Stix's action arising out of the transaction alleged in Counts I and II of that action. We have scanned Bank's counterclaim and its brief and its reply brief and find no allusion to the substance of Count III of the Federal Suit. Appellant's reply brief to the contrary argues, "There is not support for the contention that Counts I, II and III of Plaintiff's Amended Complaint constituted but one cause of action."

Confined to the present state of the record, we must hold that the single cause of action stated in Counts I and II of Stix's Federal Suit was dismissed with prejudice. It follows that upon the face of the counterclaim, according it every favorable inference, Bank has alleged that the action in the Federal Suit, which constitutes the subject of the counterclaim was terminated in its favor. A concession by Bank as to the accuracy of the memoranda purportedly filed in the Federal Suit would have resulted in a different conclusion on our part.

On the record before us we have no alternative but to reverse and remand this cause for further proceeding.

Judgment reversed and cause remanded.

DOWD and REINHARD, JJ., concur.