Leonard RUZICKA, Plaintiff-Appellant,

v.

UNIVERSAL PRINTING CO., et al.,
Defendant-Respondent.

No. 45099.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 10, 1982.

Eric Tremayne, St. Louis, for plaintiff-appellant.

Stephen Higgins, B. C. Drumm, Jr., Paul Brackman, St. Louis, for defendant-respondent.

DOWD, Justice.

Appellant, Leonard Ruzicka, appeals dismissal of his petition for damages for malicious prosecution. We affirm.

Respondent printing companies[1] in the present action had filed a civil action, in which Leonard Ruzicka in August, 1979 was named as a defendant, for breach of a labor agreement. The printing companies attempted to file a second amended petition in March, 1981, but the action had previously been dismissed without prejudice for failure to prosecute. They immediately filed another petition. Two months later, appellant filed this action for malicious prosecution.

The printing companies filed a joint motion to dismiss for failure to state a claim or for summary judgment. The joint motion was heard after more than ten days notice. During the two and one half months between filing of the motion and the hearing, respondents submitted a memorandum in support of the motion, an affidavit and exhibits. Appellant submitted a memoranda in opposition but did not respond to the motion to dismiss or for summary judgment with opposing affidavits. The court granted respondents' motion to dismiss.

■ The record indicates the trial court considered matters outside the face of the pleadings in granting respondents' motion to dismiss. Specifically, the court relied upon the filing of another petition by the printing companies. Under Rule 55.27(a), when matters outside the pleadings are presented to and not excluded by the court, the motion to dismiss for failure to state a claim is treated as one for summary judgment and disposed of according to Rule 74.04, provided that notice and a reasonable opportunity to present material pertinent to the motion is given.

■ Respondents filed a joint motion to dismiss or for summary judgment. Appellant argued against summary judgment in his memoranda and had two and one half months to present pertinent material. Notice of the hearing on the joint motion met the requirements of Rule 74.04(c). Therefore, the motion to dismiss is treated as one for summary judgment. *Compare American Drilling Service v. City of Springfield*, 614 S.W.2d 266, 270 (Mo. App. 1981).

Appellant contends that the trial court erred in sustaining defendant's motion because the dismissal of defendants' prior action for failure to prosecute was a termination in favor of plaintiff. We disagree.

"Termination in favor of the party bringing the action for malicious prosecution

---

1. Leonard Ruzicka's petition for damages for malicious prosecution named seventeen printing companies and Printing Industries of St. Louis, Inc., as defendants. Several defendants were dismissed with prejudice and are not involved in this appeal. The respondents are: Color-Art, Inc., Golden Ruling & Binding Company, Jefferson Printing Company, Keeler-Morris Printing Company, Litco Service, Inc., Nies-Kaiser Printing Company, Suedelith Corporation, ABT Bookbinding, Hart Printing Company and Printing Industries of St. Louis, Inc.

means the final disposition of the cause forming the basis of the action in favor of the party against whom the original action was brought and adversely to the party bringing the original action.... Where an action has been dismissed but the party asserting the claim intends to continue to assert the claim, the action has not been disposed of adversely to the party asserting the claim. This is particularly evident when the cause is in fact reasserted by the commencement of another suit."

*Stix & Co., Inc. v. First Missouri Bank & Trust Co.,* 564 S.W.2d 67, 70 (Mo.App.1978).

The printing companies in the present action attempted to file an amended petition and began another action when they discovered the first had been dismissed for failure to prosecute. Under these circumstances, the dismissal of their action without prejudice was not a termination in favor of the appellant.

The judgment should be modified to reflect the motion to dismiss is treated as a motion for summary judgment. *Sherwood Estates Homes Association, Inc. v. Watt,* 579 S.W.2d 851, 852 (Mo.App.1979). As modified, the judgment is affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.