Arthur G. MUEGLER, Jr.,
Plaintiff/Appellant,

v.

Thomas G. BERNDSEN, et al.,
Defendants/Respondents.

No. 70845.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 3, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 20, 1998.

Arthur G. Muegler, Jr., St. Louis, for plaintiff/appellant.

Richard Charles Wuestling, IV, Thomas G. Berndsen, St. Louis, for defendants/respondents.

CRAHAN, Chief Judge.

Plaintiff Arthur G. Muegler, Jr., appeals the entry of summary judgment on his malicious prosecution and abuse of process claims against Defendants Dave Bening, Alfred Harre and Bernece Harre, the plaintiffs in the prior suit, and Defendants Thomas Berndsen, Charles Dufour, John Yarbrough and Joseph Becker, alleged to be general partners of Defendant Becker, Dufour & Yarbrough, the law firm that represented the plaintiffs in the prior suit. We dismiss the appeal in part as moot. In all other respects, the judgment is affirmed.

In September of 1990, Bening and the Harres sued Muegler in federal court alleging Muegler misled them with regard to an investment scheme. That suit was tried in June of 1994, resulting in a jury verdict and judgment for Muegler, Plaintiff herein. That judgment was appealed by Bening and the Harres.

Meanwhile, in February of 1992, Muegler was indicted in Washington County, Illinois for unlawful sale of securities and theft. The indictment alleged that Muegler obtained money from Bening and the Harres through false representations. After the federal court entered judgment in the federal civil suit in Muegler's favor, but while the appeal therefrom was still pending, the Washington County Circuit Court barred prosecution of the criminal charges. That action was appealed to the Illinois Court of Appeals by the State's Attorney.

■ Muegler then filed this suit against Defendants, amending his petition on November 7, 1994 to assert what he denominated as three counts: civil conspiracy, abuse of process and malicious prosecution. In fact, the First Amended Petition alleges five counts: one for civil conspiracy, two counts of abuse of process based on the federal civil suit and the Illinois criminal suit, respectively, and two counts of malicious prosecution based on the federal civil suit and the Illinois criminal suit, respectively.[1]

In January, 1995, Defendants filed motions for summary judgment and Muegler responded. In March, 1995, Judge Mummert ruled that Defendants were not entitled to summary judgment on the civil conspiracy claim but were entitled to summary judgment on the malicious prosecution claims. In September, 1995, Defendants moved for partial summary judgment on Muegler's abuse of process claims.

On October 11, 1995, the Eighth Circuit reversed the judgment in Muegler's favor in the federal civil suit and remanded for a new trial due to instructional error. *Bening v. Muegler*, 67 F.3d 691 (8th Cir.1995). The Eighth Circuit specifically held that Bening and the Harres had made a submissible case against Muegler. *Id.* at 698.

On October 25, 1995, Muegler filed his response to Defendants' motions for partial summary judgment. On December 4, 1995, Judge Dowd entered his order and judgment granting summary judgment in favor of all Defendants on the abuse of process claims. In March, 1996, Muegler voluntarily dismissed, without prejudice, his civil conspiracy claims against all Defendants, thus rendering the prior judgments on the abuse of process and malicious prosecution claims final for purposes of appeal.

After the filing of the instant appeal, the federal civil suit was retried in federal district court, resulting in a judgment against Muegler and in favor of Bening and Mr. Harre in the amount of $260,000 each. In May 1997, after Muegler's appeal had been taken under submission by this court, that judgment was affirmed by the Eighth Circuit in *Harre v. Muegler*, 113 F.3d 909 (8th Cir. 1997).[2] On the court's own motion, this ap-

---

1. In his petition, various other pleadings and in his briefs on appeal, Muegler confusingly treats each count of the original and amended complaints filed against him in the federal civil suit as if it gives rise to a separate action for malicious prosecution. This is incorrect. *Zahorsky v. Griffin, Dysart, Taylor, Penner & Lay, P.C.*, 690 S.W.2d 144, 151 (Mo.App.1985). The federal civil suit gives rise to, at most, one claim for malicious prosecution. *Id.*

2. From the Eighth Circuit's opinion, we also learned that the Illinois criminal charges against Muegler were later reinstated after the federal civil judgment in his favor was reversed. 113 F.3d at 911, n. 3. We have not been advised of the ultimate disposition of these charges.

peal was then removed from submission and Muegler was directed to show cause why his contentions on appeal pertaining to the entry of summary judgment on his claims based on the federal civil suit should not be declared moot. Muegler filed a response alleging, *inter alia*, that the federal civil action was not final because he had filed a petition for writ of certiorari seeking review of the Eighth Circuit's decision by the United States Supreme Court. We later learned that certiorari was denied. *Muegler v. Harre*, —— U.S. ——, 118 S.Ct. 564, 139 L.Ed.2d 404 (1997). We then took the case back under submission.

■ Muegler's third and fourth points on appeal pertain solely to the entry of summary judgment on Count III, malicious prosecution, and the errors alleged in these two points pertain solely to the claim for malicious prosecution based on the federal civil suit.[3] To succeed in an action for malicious prosecution, the plaintiff has the burden of proving the following: (1) commencement of an earlier suit against plaintiff; (2) instigation of the suit by defendant; (3) termination of the suit in plaintiff's favor; (4) lack of probable cause for the suit; (5) malice by defendant in instituting the suit; and (6) damage to plaintiff resulting from the suit. *Fust v. Francois*, 913 S.W.2d 38, 43–44 (Mo. App.1995). Although at the time Muegler filed this action he had obtained a judgment in his favor, that judgment has since been overturned on appeal and, upon retrial, a new judgment has been entered against Muegler. With the denial of Muegler's petition for certiorari, it is no longer possible for Muegler to satisfy element (3) above, termination of the suit in his favor. Accordingly, we hold that any issues Muegler has raised with respect to the propriety of the trial court's entry of summary judgment against him on this claim are now moot. Accordingly, we dismiss the appeal as to Muegler's points three and four.

■ Muegler's first two points on appeal pertain to the entry of summary judgment on Count II, his claim for abuse of process. A pleading alleging abuse of process must set forth ultimate facts establishing the following elements: (1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted or authorized by the process; (2) the defendant had an illegal purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted. *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. banc 1990). It must be shown that process has been used to accomplish an unlawful end or to compel the defendant to do something he could not be legally compelled to do. *Wessler v. Wessler*, 610 S.W.2d 650, 651 (Mo.App.1980). No liability is incurred where the defendant has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil his motive might be. *Id.*

■ In his response to Defendants' summary judgment motions, Muegler agreed that the alleged improper purpose he claimed to have motivated the filing of the federal civil suit was "to unlawfully extort and steal $150,000.00 to $250,000.00" from him. The trial court granted summary judgment on this claim based on the Eighth Circuit's determination that plaintiffs had made a submissible case in the first trial of the federal civil suit. We find it unnecessary to determine whether this finding would justify summary judgment because the later entry and affirmance of the final judgment against Muegler renders his contentions on appeal moot. This judgment conclusively establishes that Bening and the Harres were indeed lawfully entitled to the money Muegler claims they were unlawfully trying to extort and steal from him. Thus, regardless of whether the trial court's reasoning was correct, Muegler is now conclusively precluded by that judgment against him from establishing that the process used in the federal civil suit was employed for an improper purpose.

**3.** Muegler did attempt to raise an issue with respect to the entry of summary judgment on his malicious prosecution claim based on the Illinois criminal case in a revised point relied on asserted for the first time in his reply brief. However, issues not raised in an appellant's opening brief cannot be raised for the first time in the reply brief. *Kramer v. Mason*, 806 S.W.2d 131, 134 (Mo.App.1991).

Accordingly, we likewise dismiss that contention on appeal as moot.

This leaves only Muegler's claim that Defendants were guilty of abuse of process in instituting the Illinois criminal case. The trial court did not state a separate reason for its entry of summary judgment with respect to this claim.

In support of their motion for summary judgment, the law firm defendants submitted affidavits attesting that neither they nor their firm had any involvement with the filing of the Illinois criminal case, the grand jury testimony, the grand jury's indictment or the issuance of the arrest warrant. Nor did they make any false statements, false pleadings or suborn any false testimony by Bening or the Harres. Further, Judge Mummert had previously ruled as to all counts that the grand jury proceedings were supported by probable cause as a matter of law and that Muegler had failed to establish that the testimony before the grand jury was "both false and known to be false." *See Kvasnicka v. Montgomery Ward & Co.,* 350 Mo. 360, 166 S.W.2d 503, 511 (1942).

■ In his response, Muegler did not specifically articulate any genuine issue of material fact which would preclude summary judgment on his abuse of process claim based on the criminal case. The only evidence cited by Muegler even remotely relevant to his claim based on the Illinois criminal case was (1) an alleged threat by Defendant Berndsen to report him to the I.R.S., Missouri Bar Association and "Illinois Securities people" if he did not pay $250,000; and (2) alleged hearsay statements by the current and prior Illinois State Prosecuting Attorneys for Washington County, Illinois, who allegedly told Muegler that the charges would be dropped if he reimbursed Bening and the Harres for some of their stock losses.

■ The alleged statements by Defendant Berndsen are insufficient to controvert his affidavit that he had no involvement with the initiation of the indictment or issuance of the arrest warrant in the Illinois criminal suit. The hearsay statements of the Illinois prosecutors cannot be considered in ruling on the propriety of summary judg-

ment. Only evidentiary materials that are admissible or usable at trial can sustain or avoid summary judgment. *American Family Mut. Ins. Co. v. Lacy,* 825 S.W.2d 306, 311 (Mo.App.1991). Assuming that the issue was properly contested in Muegler's response and thus preserved for review, we find no error in the trial court's entry of summary judgment on this claim.

For the foregoing reasons, the issues asserted on appeal based on the federal civil suit are dismissed as moot. In all other respects, the judgment is affirmed.

GRIMM and HOFF, JJ., concur.