**JOSEPH H. HELD & ASSOCIATES, INC. and Joseph H. Held, Sr., Plaintiffs/Appellants,**

v.

**Jody H. WOLFF & Kevin A. Nelson and Nelson & Wolff, L.L.C., Defendants/Respondents.**

**Nos. ED 77891, ED 77927.**

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 28, 2001.

David C. Godfrey, Clayton, MO, for appellants.

Daniel G. Tobben, Laura Gerdes Bub, Murphy, Tobben & Wasinger, L.C., St. Louis, MO, for respondents.

KATHIANNE KNAUP CRANE, Judge.

Plaintiffs, who were co-defendants in an underlying action, filed a malicious prosecution action against the attorneys who represented the plaintiffs, a husband and wife, in the underlying action. In the underlying action, the wife obtained a judgment awarding actual and punitive damages against one of the co-defendants. The trial court entered summary judgment in the attorneys' favor in the malicious prosecution action. Plaintiffs appeal. We affirm.

Plaintiffs, Joseph H. Held & Associates, Inc. (JHHA) and Joseph H. Held, Sr., (Held) (collectively, plaintiffs) filed a petition against defendants, attorneys Jody H. Wolff and Kevin A. Nelson, and the law firm of Nelson & Wolff, L.L.C. (defendants), to recover damages for malicious prosecution. In count one JHHA alleged defendants maliciously instigated a lawsuit on behalf of Cindy Archer and Roy Archer against JHHA, that Roy Archer dismissed with prejudice his claim against JHHA before trial, and that the court dismissed Cindy Archer's action against JHHA during trial. In count two Held alleged that the defendants maliciously instigated a lawsuit on behalf of Cindy Archer and Roy Archer against him and that, before trial, Roy Archer dismissed with prejudice his claims against Held.

After discovery, defendants filed a motion for summary judgment. The uncontroverted facts established by the summary judgment record, relevant to the issues decided in this appeal, are that defendants were attorneys who represented Cindy Archer and Roy Archer in

a claim for damages against Held and JHHA. Held is an accountant and the president and sole shareholder of JHHA. The petition in that case, which was part of the summary judgment record, consisted of multiple interrelated counts. Cindy Archer was the plaintiff in all but one of the counts and sought damages from Held and JHHA, jointly and severally, under a variety of theories based on allegations that she had hired and paid Held and JHHA to provide tax and accounting services for herself and her business, that Held had made sexual demands and sexually harassed her when she met with him for accounting services, that Held and JHHA had not performed the work contracted for, and that they had refused to return her records. Roy Archer's claim was for alienation of affection caused by all of Held's and JHHA's conduct as alleged in Cindy Archer's counts. At some point after the case was filed Cindy Archer and Roy Archer began divorce proceedings. Defendants withdrew from their representation of Roy Archer and advised him to obtain another attorney. Roy Archer voluntarily dismissed his claim with prejudice. The trial judge dismissed Cindy Archer's claims against JHHA and entered a judgment in favor of Cindy Archer against Held in the amount of $1,000 in actual damages and $9,000 in punitive damages. Held used money borrowed from JHHA to pay the judgment, in addition to his own funds.

In their memorandum in support of their motion, defendants argued that plaintiffs could not maintain their malicious prosecution action because the uncontroverted facts precluded plaintiffs from showing that the underlying judicial proceeding terminated in plaintiffs' favor and that defendants had no probable cause to assert the underlying claims. The trial court granted the motion for summary judgment.

On appeal plaintiffs argue that the trial court erred in entering summary judgment against them because they adduced sufficient facts in their exhibits and response to create a material issue of fact on each of the elements of malicious prosecution.

■■■ Rule 74.04(b) allows a defending party to file a motion for summary judgment. A summary judgment movant who is a "defending party" need not controvert each element of the non-movant's claim in order to establish a right to summary judgment. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993). Rather, a "defending party" may establish that right by showing:

(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.*

Any one of these showings establishes a right to judgment as a matter of law. Once a movant makes a prima facie showing, the non-movant's "only recourse is to show—by affidavit, depositions, answers to interrogatories, or admissions on file—that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed" or that, under the undisputed facts, the movant is not entitled to judgment as a matter of law. *Id.*

■■ In this case defendants based their motion on facts that negated several of the essential elements of a malicious prosecution claim. Those elements are: (1) the commencement of a judicial proceeding against the plaintiff; (2) the instigation of the suit by the defendant; (3) the termination of the proceeding in plaintiff's favor; (4) the absence of probable cause for the

suit; (5) malice by the defendant in instituting the suit; and (6) resulting damage to the plaintiff. *Stafford v. Muster*, 582 S.W.2d 670, 675 (Mo. banc 1979); MAI 23.07 (1980 Revision). In this case the undisputed facts negated elements three and four.

■ "Termination in favor of the party bringing the action for malicious prosecution means the final disposition of the cause forming the basis of the action in favor of the party against whom the original action was brought and adversely to the party bringing the original action." *Ruzicka v. Universal Printing Co.*, 637 S.W.2d 834, 835–36 (Mo.App.1982). It is undisputed that Cindy Archer recovered a judgment against plaintiff Held so there was no termination in Held's favor with respect to the prosecution of Cindy Archer's claims against Held. Further, the undisputed facts precluded a finding of no probable cause on her claims against Held. A judgment or finding in plaintiff's favor in the underlying proceeding is conclusive evidence of probable cause, or estops the defendant from denying the existence of probable cause in the underlying action. *Ripley v. Bank of Skidmore*, 198 S.W.2d 861, 864, 355 Mo. 897 (Mo.1947).

■ Plaintiffs argue that the proceeding terminated in favor of JHHA on Cindy Archer's claim against it and in favor of Held and JHHA on Roy Archer's claims against them as a result of his voluntary dismissal. They contend that a material issue existed with respect to whether probable cause existed for the prosecution of those claims. We disagree.

■ The first element of malicious prosecution is the commencement of a judicial "proceeding." *Zahorsky v. Griffin, Dysart, Taylor, Penner and Lay, P.C.*, 690 S.W.2d 144, 150–51 (Mo.App.1985). "To make a submissible case for malicious prosecution, the plaintiff must prove lack of probable cause for the *entire* proceeding." 1 Mo. Tort Law, Section 3.4 (MoBar 2d ed.1990) (emphasis added). "An action

in malicious prosecution therefore requires the plaintiff to show want of probable cause for the proceeding. The plaintiff does not meet his burden by showing the defendant's lack of probable cause in one of the number of theories underlying the proceeding where other theories are supported by probable cause." *Zahorsky*, 690 S.W.2d at 151.

■ The underlying proceeding gives rise to, at most, only one claim for malicious prosecution. *Muegler v. Berndsen*, 964 S.W.2d 459, 461 n. 1 (Mo.App.1998). The separate counts in an underlying petition do not support separate actions for malicious prosecution. *Id.* To allow a party to separate the unsuccessful claims from the successful claims in the underlying proceeding and bring a malicious prosecution action on the unsuccessful ones "would invite a multitude of unwarranted litigation arising from situations where a proceeding is instituted on the basis of inconsistent theories, or where theories are abandoned during the proceeding, and where the proceeding is terminated adversely to the plaintiff." *Zahorsky*, 690 S.W.2d at 151.

Although *Zahorsky* and *Muegler* did not involve different dispositions with respect to co-plaintiffs and co-defendants, we see no reason why these cases should not apply to this case. Cindy Archer made the identical claims against JHHA, jointly and separately in its capacity as Held's employer, as she made against Held. Held was president and sole shareholder of JHHA. The inclusion of JHHA as a defendant was no more than another theory of liability arising out of common facts in the same proceeding. Likewise, Roy Archer's claims were based on the same factual allegations as Cindy Archer's claims and sought relief under the same set of facts in his capacity as Cindy Archer's then husband. His claim against JHHA and Held was merely one other theory of liability in the underlying proceeding. The undisputed facts demonstrated that plaintiffs could not show that the entire proceeding terminated in their

favor or that there was a lack of probable cause for the entire proceeding.

The summary judgment entered by the trial court is affirmed.

MARY K. HOFF, C.J. and ROBERT E. CRIST, Sr. J., concur.