James S. TEEFEY and Agri–Lawn, Inc., Appellants,

v.

Craig CLEAVES and Nila Spencer–Cleaves, Respondents.

No. WD 59032.

Missouri Court of Appeals, Western District.

March 26, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 2002.

Application for Transfer Denied May 28, 2002.

---

Teefey and Agri–Lawn would not be able to establish the necessary elements for their malicious prosecution and abuse of process claims.

We issued an opinion on September 25, 2001, affirming the circuit court's judgment. We granted Teefey's and Agri–Lawn's motion for rehearing filed on October 9, 2001. After reconsideration, we again affirm the circuit court's judgment.

■ When we review a summary judgment, we consider the evidence in the record in the light most favorable to the party against whom the circuit court ruled. We endeavor to do this by accepting only inferences in the evidence that favor the party against whom the circuit court ruled. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation*, 854 S.W.2d 371, 376 (Mo. banc 1993). Before a circuit court can enter summary judgment, it must determine that the parties are not disputing any genuine issue of material fact and that the party seeking summary judgment is entitled to a judgment as a matter of law. *Id.* at 377; Rule 74.04.

Lou C. Accurso, Kansas City, for Appellant.

Michael S. Dodig, Lee's Summit, for Respondent.

PAUL M. SPINDEN, Chief Judge.

James Teefey and the business he operated, Agri–Lawn, Inc., appeal the circuit court's summary judgment for Craig Cleaves and his wife, Nila, on Teefey's and Agri–Lawn's claims for malicious prosecution and abuse of process. The circuit court determined that, as a matter of law,

Teefey and the Cleaves[1] were neighboring landowners when, in February 1996, the Cleaves complained to Kansas City zoning authorities that Agri–Lawn, a lawn service and landscaping business operating on Teefey's property, was illegally dumping grass clippings and debris on the property. The Kansas City's Codes Administration Department investigated the Cleaves' complaint and issued two notices of violation to Teefey, the property owner. One notice charged that Agri–Lawn was operating a lawn care business in violation of zoning ordinances. The other charged

---

1. For convenience, we refer to Craig Cleaves and Nila Spencer–Cleaves jointly as the Cleaves.

Agri–Lawn with illegally operating a landfill on the property.

Teefey and Agri–Lawn appealed the violation notices to the Board of Zoning Adjustment, which conducted a hearing. An attorney for the Cleaves appeared at the hearing and actively participated in the proceedings. BZA affirmed the violation notices, and Teefey and Agri–Lawn appealed to circuit court. The Cleaves obtained the circuit court's leave to intervene in the circuit court's proceedings and actively participated in it. The circuit court reversed part of the BZA's decision. It ruled that Teefey was operating a nursery lawfully—that the operation did not violate the city's zoning ordinance. The circuit court also remanded the case to the BZA because the city failed to submit substantial competent evidence that a sanitary landfill was being operated on the property.

On remand, the Cleaves again appeared at the BZA hearing and actively participated in the proceedings. The BZA once again affirmed the violation notice in regard to Teefey's and Agri–Lawn's operation of a sanitary landfill, and Teefey and Agri–Lawn appealed to circuit court. The circuit court reversed the BZA's decision. Teefey and Agri–Lawn then filed their petition against the Cleaves for malicious prosecution and abuse of process on the ground that the Cleaves did not investigate the accuracy of their claim before complaining to zoning authorities. In the meantime, the BZA appealed the circuit court's decision that Teefey and Agri–Lawn were not operating a sanitary landfill on the property. The Supreme Court assumed jurisdiction over the case, re-

versed the circuit court's judgment and affirmed the BZA's decision. *State ex rel. Teefey v. Board of Zoning Adjustment of Kansas City,* 24 S.W.3d 681 (Mo. banc 2000). Thereafter, the circuit court entered summary judgment for the Cleaves concerning the pending malicious prosecution and abuse of process case on the ground that Teefey and Agri–Lawn would not be able to establish the necessary elements for their malicious prosecution and abuse of process claims.

■■■■ Because malicious prosecution suits countervail the public policy that the law should encourage citizens to aid in the uncovering of wrongdoing, the courts require strict compliance with the requisite elements. *Sanders v. Daniel International Corporation,* 682 S.W.2d 803, 806 (Mo. banc 1984). To establish a claim for malicious prosecution, the plaintiff bears the burden of establishing (1) commencement of an earlier lawsuit against plaintiff, (2) instigated by defendant, (3) that terminated in plaintiff's favor, (4) that lacked probable cause, (5) that was motivated by defendant's malice, and (6) that resulted in damage to plaintiff. *State ex rel. Police Retirement System of St. Louis v. Mummert,* 875 S.W.2d 553, 555 (Mo. banc 1994).

Were we to pass favorably on Teefey's and Agri–Lawn's maintaining the cause of action, we would be the first Missouri court to apply a malicious prosecution claim to an administrative proceeding. No Missouri court has recognized the claim in this context. *Davis v. Board of Education of the City of St. Louis,* 963 S.W.2d 679, 685 (Mo.App.1998).[2] We need not decide, however, whether the action does extend to administrative proceedings because the

**2.** The Davis court questioned, without deciding the issue, whether the cause of action applies to administrative actions. The Davis court noted that the verdict-directing instruction for malicious prosecution, MAI 23.07

(5th ed. 1996), limits application to "a judicial proceeding," and, in Missouri cases, the underlying proceeding has always been a civil or criminal lawsuit. 963 S.W.2d at 685.

undisputed facts in this case negated element three—that the underlying action terminated in Teefey's and Agri–Lawn's favor.

■ " 'Termination in favor of the party bringing the action for malicious prosecution means the final disposition of the cause forming the basis of the action in favor of the party against whom the original action was brought and adversely to the party bringing the original action[.]' " *Ruzicka v. Universal Printing Company,* 637 S.W.2d 834, 835–36 (Mo.App.1982) (citation omitted). Teefey and Agri–Lawn assert that the underlying proceeding terminated in their favor in part because they prevailed on the charges that they were operating a lawn care business in violation of zoning ordinances. Teefey and Agri–Lawn acknowledge that the issue of whether they were illegally operating a landfill on the property did not terminate in their favor, but they argue that, because the other issue terminated in their favor, the circuit court erred in granting summary judgment for the Cleaves in regard to the malicious prosecution claim. We disagree.

■ "The underlying proceeding gives rise to, at most, only one claim for malicious prosecution." *Joseph H. Held and Associates, Inc. v. Wolff,* 39 S.W.3d 59, 63 (Mo.App.2001). Separate counts in an underlying petition do not support separate actions for malicious prosecution:

> To allow a party to separate the unsuccessful claims from the successful claims in the underlying proceeding and bring a malicious prosecution action on the unsuccessful ones "would invite a multi-

tude of unwarranted litigation arising from situations where a proceeding is instituted on the basis of inconsistent theories, or where theories are abandoned during the proceeding, and where the proceeding is terminated adversely to the plaintiff."

*Id.* (quoting *Zahorsky v. Griffin, Dysart, Taylor, Penner and Lay, P.C.,* 690 S.W.2d 144, 151 (Mo.App.1985)).

■ Teefey and Agri–Lawn contend that, because the two issues before the BZA were assigned two separate case numbers and were consolidated only for hearing, they were separate cases. They also point out that the two violation notices were filed on different days and involved completely separate facts.

The Cleaves had no control over how the BZA handled the cases. They did not assign the case numbers or issue the violation notices. They just filed the complaint—the complaint which Teefey and Agri–Lawn assert instigated the proceedings. Both issues, however, arose from the Cleaves' complaint, and the BZA determined from its investigation of that complaint what the violations were. The Cleaves were not responsible for BZA's choice of how to handle its case. Thus, we conclude that the underlying proceeding would give rise to, at most, only one claim for malicious prosecution, and that the two separate issues do not support separate actions for malicious prosecution.[3] *Id.*

■ Hence, to support a claim for malicious prosecution, Teefey and Agri–Lawn had to establish that the entire underlying proceeding terminated in their favor. *Id.*

---

**3.** Although their petition for malicious prosecution refers to the sanitary landfill issue only and never mentions the lawn care business issue, Teefey and Agri–Lawn assert that, because their petition uses such terms as "complaints," "proceedings," "actions," the peti-

tion supports a cause of action for malicious prosecution based on the lawn care business issue. The petition, however, does not allege that the lawn care business issue was maliciously prosecuted by the Cleaves.

This they cannot do. Teefey and Agri–Lawn admit that they did not prevail on the sanitary landfill issue. The circuit court, therefore, did not err in granting summary judgment for the Cleaves on the malicious prosecution claim.

■ Teefey and Agri–Lawn also complain that the circuit court erred in granting summary judgment for the Cleaves in regard to the abuse of process claim. To establish a claim for abuse of process, Teefey and Agri–Lawn were obligated to prove (1) defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) for an illegal purpose; and (3) damage resulted. *Ritterbusch v. Holt,* 789 S.W.2d 491, 493 (Mo. banc 1990). They had to show that the process was used to accomplish an unlawful end or that it compelled the defendants to do something they could not be legally compelled to do. *Muegler v. Berndsen,* 964 S.W.2d 459, 462 (Mo.App.1998). "No liability is incurred where the defendant has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil his motive might be." *Id.* "The essence of a claim for abuse of process is the use of process for some collateral purpose." *Jenkins v. Revolution Helicopter Corporation, Inc.,* 925 S.W.2d 939, 945 (Mo.App.1996).

■ The evidence did not establish that the Cleaves used the process for a collateral purpose. At the most, Teefey and Agri–Lawn established an evil motive on the part of the Cleaves, and this is not sufficient to establish liability for abuse of process. Hence, the circuit court properly issued summary judgment for the Cleaves on Teefey's and Agri–Lawn's claim for abuse of process.

We, therefore, affirm the circuit court's judgment.

VICTOR C. HOWARD, Judge, and LISA WHITE HARDWICK, Judge, concur.