PALISADES COLLECTION,
LLC, Respondent,

v.

Susan J. WATSON, Appellant.

No. WD 74533.

Missouri Court of Appeals,
Western District.

Aug. 14, 2012.

Michael H. Berman and Rachel B. Ommerman, Overland Park, KS, for respondent.

Samuel L. Scroggie, Maryville, MO, for appellant.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, KAREN KING MITCHELL, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Defendant Susan J. Watson ("Watson") appeals from the trial court's dismissal of her counterclaims against Palisades Collection, LLC ("Palisades") for failure to state a claim pursuant to Rule 55.27(a)(6). Finding no appealable order was entered, this appeal is dismissed.

### Factual and Procedural Background

On May 19, 2011, Palisades filed a petition against Watson in the Associate Circuit Court of Nodaway County. The petition asserted two claims: account stated and breach of contract. The claims involved an unpaid credit card assigned to Palisades for collection. On June 16, 2011, Watson filed a timely answer to the petition and also asserted two counterclaims: abuse of process and malicious prosecution. Watson argued that she never held the credit card that was the subject of the petition.

Palisades filed a motion to dismiss Watson's counterclaims on June 29, 2011. Palisades argued Watson failed to state a claim for abuse of process because Watson failed to allege an essential element of the

claim—intent to use process for an improper, illegal, or perverted purpose. Palisades argued that Watson failed to state a claim for malicious prosecution because Watson had not asserted and could not assert an essential element of the claim— that a *prior* lawsuit "terminated in [the claiming party's] favor." Watson filed suggestions in opposition to the motion to dismiss addressing only the malicious prosecution claim. Though her suggestions in opposition were not designated as a motion for leave to amend her answer and counterclaims, Watson added a request in the final paragraph of the suggestions for leave to file an amended malicious prosecution counterclaim should the trial court believe the motion to dismiss to have merit. Watson did not advise the trial court how an amended pleading could address the claimed defect that her pleading had not and could not (at that point) allege the termination of an earlier proceeding in her favor.

The trial court entered its order and judgment sustaining Palisades's motion to dismiss on September 16, 2011 ("Judgment").[1] The Judgment ordered:

> That Plaintiff's Motion to Dismiss Counterclaim is sustained. Count I (abuse of process) fails to state a claim upon which relief can be granted. Count II (malicious prosecution) does not allege and cannot allege a necessary element of the cause of action, that Plaintiff here (counterclaim defendant) instigated or continued a judicial proceeding against Defendant (counterclaim plaintiff) that terminated in favor of Defendant.

The Judgment did not address the request for leave to amend inserted in Watson's suggestions in opposition to the motion to dismiss.

Ten days later, on September 26, 2011, Palisades voluntarily dismissed its Petition without prejudice.

Watson filed a timely notice of appeal. Watson claims error in the dismissal of her counterclaims and in "denying" her request for leave to file an amended malicious prosecution counterclaim.

## Jurisdiction

■■■ "We have a duty to determine *sua sponte* whether we have jurisdiction over [Watson's] appeal." *Melson v. Traxler*, 356 S.W.3d 264, 268 n. 9 (Mo.App. W.D.2011) (citing *West v. Sharp Bonding Agency, Inc.*, 327 S.W.3d 7, 10 n. 5 (Mo. App. W.D.2010)). "We acquire jurisdiction as soon as the trial court issues a 'final judgment.'" *Id.* (citing section 512.020(5)).[2] "[T]he general rule is that a dismissal without prejudice is not a final judgment from which an appeal may be taken." *BH Holdings, LLC v. Bank of Blue Valley*, 340 S.W.3d 340, 342 (Mo.App. W.D.2011) (citing *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc. 1997)). That is because "[a] dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." Rule 67.01.

■■■ There are, however, a few exceptions to this general rule wherein an appeal from a dismissal without prejudice will be permitted. Typically, the exceptions involve a scenario where "[a] dismissal without prejudice ... operate[s] to preclude a party from bringing another action for the same cause and may be res judicata of what the judgment actually decided." *Doe v. Visionaire Corp.*, 13 S.W.3d 674,

---

1. The Judgment also denied Watson's pending motion for summary judgment. That ruling is not the subject of Watson's appeal.

2. All statutory references are to RSMo (2000) as supplemented, unless otherwise noted.

676 (Mo.App. E.D.2000) (citing *Chromalloy,* 955 S.W.2d at 3). The test is whether the dismissed party will be unable to maintain their action in the court where the action was filed presuming the reason for dismissal was proper. *Id.*

Here, the Judgment did not specify whether Watson's counterclaims were dismissed with or without prejudice. Pursuant to Rule 67.03, "[an] involuntary dismissal [of a civil action] shall be without prejudice unless the court in its order of dismissal shall otherwise specify." Rule 67.04 provides that the provisions of Rule 67.03 apply equally to the dismissal of counterclaims. Therefore, the Judgment dismissing Watson's counterclaims was without prejudice.

We must determine, therefore, whether Watson is precluded from re-filing her actions. If not, then the Judgment was not a final judgment, and we do not have jurisdiction to entertain this appeal.

## Analysis

■■■ The Judgment found that Watson failed to state a claim upon which relief can be granted for abuse of process. As the Judgment did not specify the basis for this determination, we presume it to be the grounds stated in the motion to dismiss. *Walters Bender Strohbehn & Vaughan, P.C. v. Mason,* 316 S.W.3d 475, 478 (Mo.App. W.D.2010). The motion to dismiss asserted that Watson failed to allege an essential element of a claim for abuse of process—intent to use process for an improper, illegal, or perverted purpose. Thus, the effect of the Judgment's dismissal of Watson's counterclaim for abuse of process "was not to dismiss or bar the

claim, but rather to dismiss the [counterclaim] as it was filed." *Cramer v. Smoot,* 291 S.W.3d 337, 340 (Mo.App. S.D.2009). Watson remains free to re-file her claim for abuse of process,[3] with additional allegations sufficient to address each of the essential elements of the claim. *Id.* This act would not be futile and is not precluded by the Judgment.[4] *Id.* The Judgment's dismissal of Watson's abuse of process counterclaim is not a final judgment from which an appeal can be taken.

■■■ With respect to the counterclaim for malicious prosecution, the Judgment concluded that Watson did not allege and *could not* allege a necessary element of the cause of action—that Palisades instigated or continued a judicial proceeding against Watson that terminated in favor of Watson. The trial court's conclusion that Watson *could not* allege this essential element was obviously temporal in nature and would not apply to bar Watson's claim for malicious prosecution at such time as Palisades's proceeding against Watson has terminated in her favor. Thus the Judgment did not "dismiss or bar the *claim,* but rather ... dismiss[ed] the [*counterclaim*] as it was filed." *Cramer,* 291 S.W.3d at 340. A re-filing of the claim once Palisades's proceeding has been terminated in Watson's favor would not be futile and is not precluded by the Judgment.[5] *Id.*

■■■ " 'Termination in favor of the party bringing the action for malicious prosecution means the final disposition of the cause forming the basis of the action in favor of the party against whom the original action was brought and adversely to the party bringing the original action.' " *Ruzicka v. Universal Printing Co.,* 637

---

3. This would presumably be in a petition, and not in an answer and counterclaims, as Palisades's petition has been dismissed, albeit without prejudice.

4. By saying this would not be a futile act, we are not suggesting that the claim is meritorious, only that it is not procedurally barred by the Judgment.

5. *See* footnote 4.

S.W.2d 834, 835–36 (Mo.App. E.D.1982) (quoting *Stix & Co., Inc. v. First Mo. Bank & Trust Co.*, 564 S.W.2d 67, 70 (Mo.App.1978)). "Termination may be effected by final judgment on the merits, dismissal of a cause of action by the court with prejudice *and by abandonment of the action.*" *Stix & Co., Inc.*, 564 S.W.2d at 70 (emphasis added). Here, Palisades dismissed its petition *without prejudice.* It is not known whether Palisades did so with the intent of abandoning its claim. *Id.* However, that is a question which can be determined in a later action, should Watson re-file her claim for malicious prosecution. The Judgment does not foreclose that possibility. And it would be premature for us to opine as to the legal effect to be attached to Palisades's voluntary dismissal of its petition without prejudice.

Watson nonetheless argues that the dismissal of her malicious prosecution counterclaim was legally erroneous. This ignores that we are obliged in determining our jurisdiction to entertain an appeal from a dismissal of a claim without prejudice to presume that the basis for the trial court's decision was proper. *See Doe*, 13 S.W.3d 674 at 676. Regardless, the argument advanced as to the erroneous nature of the Judgment does not aid Watson. Watson contends the Judgment failed to appreciate that a malicious prosecution action will lie for continuation as well as instigation of a groundless cause of action. It is true that Missouri cases have recognized that *either* initiation *or* continuation of a lawsuit can "trigger" a malicious prosecution claim. *See King v. Ryals*, 981 S.W.2d 151, 154 (Mo.App. E.D.1998) (holding that a claim of malicious prosecution can be founded on continued malicious pursuit of a legal action); *see also Hampton v. Carter Enters., Inc.*, 238 S.W.3d 170, 176 (Mo.App. W.D.2007) (noting that *King* "held that a claim of malicious prosecution could be based on the malicious continuation of a prosecution"). However, the

Judgment recognized this fact, as it held that Watson failed to allege that "[Palisades] *instigated or continued* a judicial proceeding against [Watson] that terminated in favor of [Watson]." (Emphasis added.)

More to the point, Watson does not explain how her argument mitigates against her obligation to establish favorable termination of a prior lawsuit, whether wrongful at its instigation or in its continuation, as an essential element of a malicious prosecution claim. We observe that this court has recently reiterated that a claim of malicious prosecution requires as an essential element the termination of an *earlier* lawsuit in the claimant's favor. *Teefey v. Cleaves*, 73 S.W.3d 813, 816 (Mo.App. W.D. 2002).

Though not actually argued by Watson, we need not determine whether the law as stated in *Teefey* has changed and, thus, whether the trial court's basis for dismissal of Watson's malicious prosecution claim was legally erroneous. The intervening voluntary dismissal of Palisades's petition between the time of the Judgment and Watson's appeal has rendered that question procedurally moot.

The Judgment in this case did not have the practical effect of terminating Watson's counterclaims in a manner precluding her from attempting to cure the bases for dismissal of the claims upon re-filing. The Judgment is not a final and appealable judgment, and we do not have jurisdiction to determine the issues raised in this appeal.

## Conclusion

The appeal is dismissed.

All concur.