AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Plaintiff/Respondent,

v.

Charles J. McMULLIN, et al.,
Defendants/Appellants.

No. 63782.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 1, 1994.

Charles J. McMullin, St. Louis, for defendants/appellants.

Henry D. Menghini, Kurt E. Wolfgram, St. Louis, for plaintiff/respondent.

GRIMM, Presiding Judge.

Defendant Charles McMullin appeals from summary judgment declaring that plaintiff American Family Mutual Insurance Company has no duty to defend or provide coverage for any judgment arising out of a malicious prosecution action filed against defendant. We affirm.

Defendant raises one point on appeal. He alleges the trial court erred in granting summary judgment because the underlying malicious prosecution action occurred while the policies were in force. Specifically, he contends that the critical date was either the day the jury verdict was returned or when this court's opinion was issued. We disagree; the malicious prosecution action occurred when the underlying action was filed.

## I. Background

On January 21, 1983, defendant filed an eight count lawsuit against Robert Borgers. *McMullin v. Borgers,* 761 S.W.2d 718, 719 (Mo.App.E.D.1988). This lawsuit resulted in: (1) summary judgment as to certain counts, (2) directed verdicts as to others, and (3) a jury verdict on April 14, 1989, as to the remaining counts. *Id.* at 718; *McMullin v. Borgers,* 806 S.W.2d 724, 726 (Mo.App.E.D. 1991). All counts were decided in Borgers's favor. *Id.* On February 26, 1991, this court affirmed the judgment entered on the jury's verdict. *McMullin,* 806 S.W.2d at 735. In March, 1991, Borgers filed a malicious prosecution action against defendant arising out of the earlier proceeding.

Insurance company had two policies insuring defendant: (1) a homeowners policy effective from March 29, 1989, to March 29, 1990, and (2) a personal umbrella policy effective from January 9, 1989, to January 9, 1990.[1] Defendant made claims under both policies for defense of the suit and indemnity

---

1. It is unclear from the record whether these policies were constantly in force through February 26, 1991, the day this court handed down its opinion. However, in view of our holding, this fact is immaterial.

for any judgment that may arise.[2] Insurance company filed this declaratory judgment action to determine its rights and obligations under the policies.

The trial court declared that no coverage existed under either policy. It held that for purposes of determining coverage, the occurrence date is established by the date the underlying suit is filed. Here, that date was January 21, 1983. Because January 9, 1989, is the earliest policy date, the occurrence date was prior to the policies' effective dates.

## II. Malicious Prosecution Actions

Defendant's sole point on appeal is that the trial court erred in denying coverage of the malicious prosecution action because "the 'occurrence' of the cause of action for malicious prosecution is not complete, and therefore does not arise until the underlying action has terminated in favor of the party bringing [the] action for malicious prosecution."

■■■ It is true that favorable termination of the underlying action is a prerequisite to filing a malicious prosecution action. *Turman v. Schneider Bailey, Inc.,* 768 S.W.2d 108, 112 (Mo.App.W.D.1988). Further, the statute of limitations for malicious prosecution does not begin to run until favorable termination of the malicious action. *Corley v. Jacobs,* 820 S.W.2d 668, 672 (Mo.App.E.D. 1991). However, neither of those holdings are determinative of the issue before us.

Here, neither insurance policy sets forth a specific date when a malicious prosecution action begins, other than stating that coverage is effective for damages caused by an occurrence during the policy period. Thus, we must determine when a malicious prosecution "occurs" within the meaning of an insurance policy.

■■■ The general rule in Missouri is that the occurrence date of an event in indemnity policies is when the complaining party is actually damaged. *Kirchner v. Hartford Accident & Indem. Co.,* 440 S.W.2d 751, 756 (Mo.App.W.D.1969). For an event to be a covered occurrence, the time of first actual damage must be within the effective dates of the indemnity policy. *See Hawkeye–Security Ins. Co. v. Iowa Nat'l Mut. Ins. Co.,* 567 S.W.2d 719, 720 (Mo.App.W.D.1978).

Missouri has not addressed the application of these general rules in the context of a malicious prosecution action. However, other jurisdictions have concluded that for insurance policy purposes, malicious prosecution is committed upon the institution of the underlying action. *Harbor Ins. Co. v. Central Nat'l Ins. Co.,* 165 Cal.App.3d 1029, 211 Cal. Rptr. 902, 906 (Ct.App.Dist. 2 1985); *Zurich Ins. Co. v. Peterson,* 188 Cal.App.3d 438, 232 Cal.Rptr. 807, 813 (Ct.App.Dist. 3 1986); *S. Freedman & Sons, Inc. v. Hartford Fire Ins. Co.,* 396 A.2d 195, 199–200 (D.C.1978); *Paterson Tallow Co., Inc. v. Royal Globe Ins. Co.,* 89 N.J. 24, 444 A.2d 579, 586 (1982); *Royal Indem. Co. v. Werner,* 784 F.Supp. 690, 693 (E.D.Mo.1992), *aff'd,* 979 F.2d 1299 (8th Cir. 1992); *Ethicon, Inc. v. Aetna Cas. & Sur. Co.,* 688 F.Supp. 119, 128 (S.D.N.Y.1988); *Southern Maryland Agric. Ass'n, Inc. v. Bituminous Cas. Corp.,* 539 F.Supp. 1295, 1302 (D.Md.1982).

We agree with these cases that the filing of the suit injures the party-defendant even though termination of the suit must occur before the party-defendant can recover damages. *Harbor,* 211 Cal.Rptr. at 907; *Zurich,* 232 Cal.Rptr. at 813; *S. Freedman,* 396 A.2d at 199; *Royal,* 784 F.Supp. at 693; *Ethicon,* 688 F.Supp. at 127. Further, although favorable termination confirms the element of lack of probable cause, "the focus of the wrong is upon the institution of the suit, with malice and without such probable cause." *Harbor,* 211 Cal.Rptr. at 907. A party's reputation is injured and legal expenses are incurred upon the initiation of the malicious complaint. *Zurich,* 232 Cal.Rptr. at 813.

■■■ Thus, the filing date of the underlying lawsuit controls whether an insurance policy provides coverage. Here, the controlling date is January 21, 1983, the date defendant filed the underlying suit against Borgers.

---

**2.** Under the personal umbrella policy, coverage of personal injury specifically includes malicious prosecution. However, the homeowners policy covers "bodily injury" but does not specifically include or exclude malicious prosecution. We do not reach the issue of whether malicious prosecution is a "bodily injury" under this policy.

The earliest effective date of the insurance policies is January 9, 1989. Therefore, the trial court did not err in declaring that the malicious prosecution occurred outside of the policies' effective dates.

Defendant relies on at least two courts that hold insurance coverage for malicious prosecutions occurs when the underlying suit is terminated in favor of the defendant. *Roess v. St. Paul Fire & Marine Ins. Co.,* 383 F.Supp. 1231, 1235 (M.D.Fla.1974); *Security Mut. Cas. Co. v. Harbor Ins. Co.,* 65 Ill.App.3d 198, 21 Ill.Dec. 707, 712, 382 N.E.2d 1, 6 (1978), *rev'd on other grounds,* 77 Ill.2d 446, 34 Ill.Dec. 167, 397 N.E.2d 839 (1979). However, these decisions are not consistent with the Missouri rule that for insurance purposes, a tort accrues when the complaining party is first actually damaged. *Kirchner,* 440 S.W.2d at 756.

■ Further, contrary to defendant's additional argument, we do not distinguish between actions for civil and criminal malicious prosecution. The party sued in the malicious suit suffers from the same type of conduct in either case. *Ethicon,* 688 F.Supp. at 127. In a criminal or civil prosecution that is malicious, injury begins to flow from when the complaint is filed. *Id.*

Defendant's alleged malicious prosecution occurred outside of the effective date of the policies. Therefore, insurance company was entitled to judgment as a matter of law that it had no duty to defend the suit or indemnify defendant for any possible judgment. Point denied.

The trial court's judgment is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.