David A. KING, Plaintiff/Appellant,

v.

Stephen M. RYALS, Kessler, Soffer & Ryals, P.C., Daniel Dalton, and Robert Goerger, Defendants/Respondents.

No. 72458.

Missouri Court of Appeals, Eastern District, Division One.

July 28, 1998.

Rehearing Denied Sept. 30, 1998.

Lynn Myers, Richard D. Crites, Springfield, for plaintiff/appellant.

Moline & Shostak, L.L.C., Burton H. Shostak, Deborah J. Westling, St. Louis, for defendants/respondents.

PUDLOWSKI, Judge.

Appellant David A. King (King) appeals the judgment of the trial court for defendants Robert Goerger, Stephen Ryals, Daniel Dalton, and the law firm of Kessler, Soffer & Ryals, P.C. (Defendants) in his malicious prosecution suit. In the suit underlying the instant case, Robert Goerger brought a suit in federal court ("Goerger suit") which named King and the St. Charles Police Department and others as defendants, claiming King allowed police to violate his civil rights. King was chief of the St. Charles Police Department when Goerger brought his suit, but not when Goerger was arrested. Goerger's suit was eventually dismissed on the basis of summary judgment. Following the resolution of the Goerger suit, King sued Goerger and his lawyers for malicious prosecution. The jury found for Defendants. On appeal, King has four points of alleged error. He claims the trial court erred by submitting a verdict director from MAI rather than his proposed modification. King's remaining points on appeal all regard the admission and relevance of evidence. We reverse and remand.

On October 24, 1991, Goerger was arrested in St. Charles on a charge of first degree property damage. The arrest was made on the basis of a complaint filed by Goerger's ex-wife, who claimed Goerger had shot out her automobile windows. Two eyewitnesses

had allegedly seen automobiles in the area that looked like Goerger's automobile and Goerger's girlfriend's automobile. At the time of his arrest, there was an outstanding warrant for Goerger's arrest in St. Charles County for failure to appear in court on a previous property damage charge. However, the prosecutor elected to drop charges against Goerger.

In October or November of 1993, Goerger hired Stephen M. Ryals and Daniel T. Dalton of Kessler, Soffer & Ryals, P.C. In a complaint filed on January 25, 1994, Goerger, by and through his attorneys Dalton and Ryals, alleged that David King was the Chief of Police for the City of St. Charles Police Department when Goerger was arrested. The complaint further alleged that King allowed St. Charles City police to violate Goerger's civil rights by falsifying police reports and records, making arrests without probable cause, failing to properly investigate purported criminal activity, arresting individuals for malicious or retaliatory reasons, and conspiring to violate Goerger's constitutional rights. Goerger alleged that he suffered damages from attorney fees, lost profits, damage to his reputation, and severe mental anguish in connection with his arrest. In addition to suing King, Goerger sued his ex-wife, the City of St. Charles, the County of St. Charles, the former Sheriff of the County of St. Charles, and two unidentified police officers (one from the County of St. Charles and one from the City of St. Charles). Goerger requested actual damages of one million dollars and punitive damages of one million dollars.

Shortly after Goerger filed suit against King, King's attorney called Dalton and informed him that King had not been the chief of police when Goerger was arrested. In March, King's attorney filed a motion to dismiss him from the suit. Dalton did not dismiss King from the suit, however. He testified that he did not feel he had to do anything because the motion to dismiss King had been filed and he did not plan to oppose it. Goerger testified that he did not ask his attorneys to sue King. He testified that King "didn't do anything." On July 27, 1994, Ryals and Dalton filed a motion to dismiss St. Charles County and Edward Uebinger as defendants because they were not involved in the incident. They did not dismiss King as a defendant.

On August 26, 1994, the U.S. District Court dismissed the claims against King with prejudice. The Eighth Circuit Court of Appeals affirmed the dismissal and summary judgments on April 22, 1996, in an unpublished memorandum opinion.

After the resolution of the Goerger case, King filed the instant action for malicious prosecution. The amended petition, filed May 13, 1996, alleged that Defendants "filed and maintained" a lawsuit against King without probable cause, and that the Defendants failed to dismiss King from the suit after they learned he was not the police chief when Goerger was arrested. Trial was held, and the jury found for Defendants. King now appeals.

In his first point on appeal, King claims the trial court erred when it instructed the jury with the MAI 23.07 verdict director for malicious prosecution rather than his tendered Instruction A.[1] He contends that the MAI instruction was inadequate because it does not allow the jury to find for him unless the jury believed Defendants maliciously *instigated* the suit. He argues that Missouri law allows one to recover under a malicious prosecution theory when the defendants either instigated or *continued* a suit maliciously.

---

1. Instruction number nine, patterned after MAI 23.07, reads:

   Your verdict must be for plaintiff if you believe:
   First, the defendants instigated a judicial proceeding against plaintiff which terminated in favor of plaintiff, and
   Second, in so doing defendants acted maliciously and without reasonable grounds, and
   Third, plaintiff was thereby damaged.

   Proposed Instruction A read:

   Your verdict must be for plaintiff if you believe:
   First, the defendants instigated a judicial proceeding against plaintiff which terminated in favor of plaintiff, or the defendants continued a judicial proceeding against plaintiff which terminated in favor of plaintiff, and
   Second, in so doing defendant acted maliciously and without reasonable grounds, and
   Third, plaintiff was thereby damaged.

**154**

When reviewing claimed instructional error, we must view the evidence and inferences in the light most favorable to the instruction, and we may disregard contrary evidence. *Seidel v. Gordon A. Gundaker Real Estate Co.*, 904 S.W.2d 357, 363 (Mo. App. E.D.1995). We will only reverse for instructional error in cases where the party challenging the instruction shows that the instruction misdirected, misled, or confused the jury. *Id.* If an MAI instruction is applicable, "its use is mandatory and failure to do so is presumed prejudicial." *St. John's Bank & Trust Co. v. Intag, Inc.*, 938 S.W.2d 627, 629 (Mo.App. E.D.1997). However, "MAI instructions reflect the law and are not designed to make law or to confine the scope of lawsuits. They reflect the most common fact situations met in litigation, but are not appropriate for many cases." *Krombach Co. v. Blue Cross and Blue Shield*, 929 S.W.2d 888, 894 (Mo.App. E.D.1996).

Missouri cases state that there are six elements of a malicious prosecution action. *See e.g. Hughes v. Aetna Ins. Co.*, 261 S.W.2d 942, 945 (Mo.1953); *Hamilton v. Krey Packing Co.*, 602 S.W.2d 879, 881 (Mo.App. E.D. 1980). "Among the elements of a cause of action of malicious prosecution is that defendant initiated (or continued) the prosecution without probable cause." *Rustici v. Weidemeyer*, 673 S.W.2d 762, 767 (Mo. banc 1994). Or, as stated in *J.E. Dunn Jr. v. Total Frame Contractors*, 787 S.W.2d 892, 895 (Mo. App. W.D.1990), a malicious prosecution plaintiff must prove "defendant's want of probable cause to have initiated or to have continued to prosecute the original action against the malicious prosecution plaintiff." *See also, Stafford v. Muster*, 582 S.W.2d 670, 676 (Mo. banc 1979). Thus, under established law, plaintiff here may have established Defendants' want of probable cause either by showing lack of probable cause "to have initiated" the federal suit against or "to have continued" that suit.

MAI 23.07 does not require nor contemplate suits based on "continuing" suit. *Boquist v. Montgomery Ward & Co.*, Inc., 516 S.W.2d 769, 775 (Mo.App.K.C. 1974) ("Obviously, malicious continuation of a prosecution, applicable as it is to situations where reasonable grounds existing at the time of instigation are destroyed by subsequently discovered facts, is simply not contemplated by MAI 23.07"), *see also Lindsay v. Evans*, 174 S.W.2d 390, 399 (Mo.App.St.L. 1943). However, as cited above, an action in malicious prosecution may be based on malicious continuation of the prosecution. Therefore, proposed Instruction A properly reflects the law and facts of the instant case. The trial court should have submitted Instruction A in lieu of MAI 23.07.

Citing *International Minerals & Chemical Corp. v. Avon Products, Inc.*, 889 S.W.2d 111, 117 (Mo.App. E.D.1994), Defendants contend the trial court did not err by refusing to submit proposed Instruction A because Instruction A was beyond the scope of plaintiff's pleadings. Defendants reason that since King's petition alleged that "defendants lacked probable cause to file and maintain the said civil action, that the verdict directing instruction could not submit the two theories using "or." They argue that by pleading in the conjunctive, the proposed submission in the disjunctive is beyond the pleadings. Defendants do not cite any authority for this proposition.

Defendants seem to suggest that, even if plaintiff's proposed instruction was a correct statement of the law, the trial court could only submit the two theories in the conjunctive using "and." However, since 1965, MAI 1.02 has prohibited the practice of submitting dual or multiple theories of recovery in the conjunctive. Therefore, plaintiff was prohibited from submitting the two theories in the conjunctive.

Turning to defendants' next argument, they contend that there was no evidence that they continued to prosecute the action against plaintiff. We disagree. The action remained pending against him and that is sufficient to constitute continuing prosecution.

Finally, they argue that his two theories are mutually exclusive. Defendants do not cite any authority for that proposition and is deemed abandoned.

King's three remaining points on appeal contend that the trial court erred

when it refused to admit his evidence for lack of relevance. When admissibility of evidence is at issue, we give the trial court's decision substantial deference, and only interfere when the trial court has abused its discretion. *Shop 'N Save Warehouse Foods v. Soffer*, 918 S.W.2d 851 863 (Mo.App. E.D. 1996). The test for relevancy is whether the proffered evidence tends to prove or disprove a fact in issue or corroborate other evidence. *Id.*

King's second point on appeal alleges the trial court erred by refusing to admit evidence of Goerger's prior arrests. King alleges the trial court erred by restricting him from referring to Goerger's prior arrests in opening statement, restricting questioning regarding witness' knowledge of Goerger's criminal arrests, and refusing to admit Goerger's arrest record.

The trial court did not abuse its discretion by refusing to admit irrelevant evidence of Goerger's criminal record. Goerger's arrest record does not prove or disprove that King was maliciously prosecuted by Goerger or Goerger's lawyers. King cites *Carlisle v. Kroger Co.*, 809 S.W.2d 23 (Mo. App. E.D.1991), for the proposition that Goerger's past is relevant to his attorney's decision to file suit against King. However, *Carlisle* involved impeachment of a malicious prosecution plaintiff through cross-examining about her prior arrests. The *Carlisle* plaintiff's prior history was relevant to impeach her testimony that her arrest by defendants "was the most embarrassing event of her life." Goerger is not the plaintiff in the instant case, nor does King claim the evidence of prior arrests was necessary to impeach Goerger's trial testimony. Point denied.

King's third point on appeal alleges the trial court erroneously barred him from admitting evidence of the underlying suit. He contends the trial court erred by limiting his opening statement references to Goerger's suit against King, and refusing to admit the opinion and appendix from the Eight Circuit Court of Appeals. He argues that the jury was confused about the nature of a malicious prosecution suit, and that he should have been allowed to offer further explanation of the background of his case.

King points to no specific piece of evidence he wished to enter into evidence, or that was not before the jury. The pleadings and other court documents were allowed into evidence. Additionally, the Eighth Circuit opinion was allowed into evidence later in the trial. The trial court did not abuse its discretion in refusing to admit such repetitive evidence. *See Shop 'N Save Foods*, 918 S.W.2d at 863. Point denied.

Finally, King alleges that he should have been allowed to describe Goerger's appearance to the jury. King contends he was prejudiced because he could not explain that Goerger, who did not appear at trial, has a devil tattoo on his arm. King contends that the tattoo of a devil sends a message about Goerger's credibility, character, lifestyle, and priorities. Citing Instruction 1, MAI 2.01, he argues that the jury may consider a witness's appearance. However, Goerger was not a witness, and the jury need not consider his credibility as a witness. The tattoo was not relevant to whether Goerger and his attorneys maliciously prosecuted King. Point denied.

Judgment reversed and remanded.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.