**In the Matter of the CARE AND TREATMENT OF Paul E. BOWLES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 60704.

Missouri Court of Appeals, Western District.

Aug. 27, 2002.

Thomas D. Carver, Springfield, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alana M. Barragan–Scott, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

Before HAROLD L. LOWENSTEIN, Presiding Judge, JAMES M. SMART, Jr., Judge, and THOMAS H. NEWTON, Judge.

THOMAS H. NEWTON, Judge.

Mr. Paul E. Bowles appeals from the probate court's judgment and order denying his motion to join additional parties under Rules 52.04, 52.06, and 52.08.[1] We dismiss the appeal.

## I. Factual and Procedural Background

This matter stems from a pending civil commitment proceeding brought against Mr. Bowles under Missouri's Sexual Predator Act, §§ 632.480 through 632.513.[2] During the course of that action, Mr. Bowles filed a motion to join additional parties under Rules 52.04, 52.06, and 52.08. He sought to join as parties the Missouri attorney general; the director of the Missouri Department of Mental Health; and the superintendent of the Southeast Missouri Mental Health Center in Farmington. He proposed joining these people for the purpose of asserting civil rights claims against them under 42 U.S.C. § 1983.

In a ruling denominated a "Judgment and Order," the probate judge denied Mr. Bowles' motion to join additional parties. The judge recognized that Mr. Bowles proposed to bring an action under 42 U.S.C. § 1983 and to join the proposed parties to pursue civil rights claims for injunctive relief, declaratory relief, and compensatory damages. However, the judge ruled that "[t]he addition of parties and the initiation of respondent's claims would be unduly burdensome and likely confuse jurors" in the pending civil commitment trial. The ruling was certified for appeal under Rule 74.01(b), based on a finding that there was "no just reason for delay." This appeal followed.

## II. Legal Analysis

Although neither party has raised the issue, we must determine *sua sponte* our jurisdiction to consider the merits of this appeal. *Committee For Educ. Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). Our jurisdiction depends upon the existence of a final judgment. *Id.* Absent a final judgment, we lack jurisdiction and must dismiss the appeal. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). To constitute a final judgment, the judgment appealed from normally must "dispose of all issues and all parties in the case and leave nothing for future determination." *In re Estate of*

---

1. All rule references are to the Missouri Supreme Court Rules (2002) unless otherwise stated.

2. All statutory references are to RSMo (2000) unless otherwise stated.

*Hoskins,* 996 S.W.2d 792, 793 (Mo.App. E.D.1999). But Rule 74.01(b) provides an exception to this finality rule for cases involving multiple claims or multiple parties. *Gibson,* 952 S.W.2d at 244; *In re Marriage of Werths,* 33 S.W.3d 541, 542 n. 1 (Mo. banc 2000). It provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

Rule 74.01(b).

For purposes of this exception, "the minimum unit of disposition is at least one claim.... A judgment which resolves fewer than all legal issues as to any single 'claim for relief' is not final notwithstanding the trial judge's designation as such." *Committee For Educ. Equality,* 878 S.W.2d at 450. A claim is the "aggregate of operative facts which give rise to a right enforceable in the courts." *Id.* at 451 (internal quotation and citations omitted). "Assuming there is at least one claim fully resolved as to at least one party," then the circuit court may properly designate "that aspect of the judgment final upon a finding of 'no just reason for delay.'" *Id.* at 453.

Although Rule 74.01(b) affords the circuit court discretion to certify claims for appeal, its determination is not conclusive. "It is the content, substance, and effect of the order that determines finality and appealability." *Gibson,* 952 S.W.2d at 244. In this case, the probate court complied with the technical requirements of Rule 74.01(b). It denominated its ruling on Mr. Bowles' motion to join additional parties as a "Judgment and Order." It invoked Rule 74.01(b) and expressly determined that there was "no just reason for delay" in certifying its ruling for appeal.

But the "content, substance, and effect" of the court's order belie the conclusion that it disposed of any claim or party. The probate court's order did not address any claims in the case. It merely ruled against Mr. Bowles on a procedural motion that would have allowed him to assert *prospective* claims against the persons that he sought to join as parties in the pending civil commitment action.[3] But those claims were exactly that: prospective. They did not exist when the probate court certified its judgment for appeal under Rule 74.01(b). The only claim before the probate court when it certified its judgment was the State's ongoing civil commitment action, a matter not resolved by the probate court's ruling. Absent resolution of at least one claim as to at least one party in this case, *Committee for Educational Equality* compels dismissal of this appeal.

### III. Conclusion

Because Mr. Bowles has not appealed a final judgment under Rule 74.01(b), we lack jurisdiction to entertain his appeal. Accordingly, we dismiss Mr. Bowles' appeal for lack of jurisdiction.

HAROLD L. LOWENSTEIN, P.J. and JAMES M. SMART, Jr., concur.

---

**3.** The record before us does not indicate that Mr. Bowles ever filed a third-party petition, as he proposed to do.