MISSOURI EMPLOYERS MUTUAL INSURANCE COMPANY, Respondent,

v.

Lonnie NICHOLS, and Lonnie Nichols Trucking And Excavating Company, Inc., Defendants,

and

Jade Nowlin, Appellant.

No. WD 63063.

Missouri Court of Appeals, Western District.

Nov. 30, 2004.

618

Marvin Tofle, Columbia, MO, for appellant.

Kevin P. Schnurbusch, Heather J. Hays, St. Louis, MO, for respondent.

Ronald N. Sweet, Columbia, MO, for defendants.

Before ULRICH, P.J., and LOWENSTEIN and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Chief Judge.

Ronnie Nowlin (decedent), an employee of Lonnie Nichols Trucking and Excavation, Inc. (Nichols Trucking), died in a work-related accident. His daughter, Jade Nowlin, the appellant, brought a wrongful death action, pursuant to § 537.080,[1] against a co-worker, Lonnie Nichols (Nichols), the sole shareholder of Nichols Trucking, alleging that his negligence caused the decedent's death.[2] Nichols made a demand upon Missouri Employers Mutual Insurance Company (MEMIC) to defend and indemnify him in the wrongful death action, pursuant to the "WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY" it had issued to Nichols Trucking (the Policy). Part One of the Policy provides "Workers Compensation Insurance" (WCI), while Part Two provides "Employers Liability Insurance" (ELI). Nichols contended that MEMIC had a duty to defend and indemnify him pursuant to the ELI portion of the Policy. MEMIC denied Nichols' request to defend and indemnify him and filed a petition for declaratory judgment against Nichols, Nichols Trucking, and the appellant, seeking a declaration of the trial court that it did not have a duty under the Policy to defend or indemnify Nichols in the wrongful death action. Summary judgment was granted to MEMIC on its petition for declaratory judgment, based on the trial court's determination, on several grounds, that Nichols' alleged acts of negligence in the underlying wrongful

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

2. The appellant subsequently amended her petition to include an active negligence count against Nichols Trucking, alleging active negligence.

death action were not covered under the ELI of the Policy.

The appellant raises three points on appeal. In Point I, she claims that the trial court erred in entering summary judgment for MEMIC in its declaratory judgment action, on the ground that the underlying wrongful death action against Nichols was barred under the exclusivity provision of the Workers' Compensation Law, because it was not barred in that she pled in her petition affirmative acts of negligence by Nichols, which were outside the scope of an employer's responsibility to provide a safe workplace, which would not only permit a negligence action to be maintained against Nichols, individually, but against his employer, Nichols Trucking, under the doctrine of *respondeat superior*.[3] In Point II, the appellant claims that the trial court erred in entering summary judgment for MEMIC in its declaratory judgment action, based on the ground that Nichols' alleged negligent acts in the underlying wrongful death action were not covered under the ELI of the Policy due to his not being a named insured, because coverage for Nichols's acts was expressly provided for in Section B of Part Two, setting forth the ELI of the Policy. In Point III, she claims that the trial court erred in entering summary judgment for MEMIC, in its declaratory judgment action, on the ground that Nichols' alleged negligent acts in the underlying wrongful death action were not covered under the Policy, due to his not being a named insured, because the Policy is ambiguous as to its coverage under the ELI of the Policy and, therefore, should be interpreted against the drafter, MEMIC, in favor of coverage.

Affirmed.

## Facts

On November 20, 2001, Nichols and the decedent, while working for Nichols Trucking, were attempting to extricate a company bulldozer, which had become stuck in the mud at a job site, using a high-lift loader. In the process, Nowlin was crushed to death between the bulldozer and the loader. As a result, MEMIC paid workers' compensation death benefits to the decedent's estate in accordance with the WCI of the Policy.

On April 16, 2002, the appellant, by her next friend Roxanna Carter, her mother, filed a wrongful death petition in the Circuit Court of Boone County. The petition alleged, *inter alia*, that Nichols was negligent in several respects in ordering the decedent to extricate the bulldozer and that his negligence caused the decedent's death. The petition further alleged that Nichols' negligence went beyond the failure of the employer, Nichols Trucking, to provide a safe work place.

As some point in time, Nichols made demand on MEMIC that it defend and indemnify him with respect to the underlying wrongful death action against him. On June 27, 2002, MEMIC filed a petition for declaratory judgment, asking the trial court to declare that MEMIC did not have a duty to defend or indemnify Nichols in the underlying wrongful death action. The petition alleged that there was no such duty because "Lonnie Nichols is not a named insured under the policy," and because "[t]he damages alleged in the Boone County lawsuit had already imposed an obligation for workers compensation and

---

**3.** Where it is implicated, the Workers' Compensation Law is an employee's exclusive remedy, for on-the-job injuries, against his or her employer, and against a fellow employee where the injured employee has alleged nothing more than a breach of the employer's duty to maintain a safe working environment. *Kesterson v. Wallut,* 116 S.W.3d 590, 595 (Mo. App.2003).

are therefore excluded under this policy." Pending the outcome of this declaratory judgment action, MEMIC undertook representation of Nichols under a reservation or rights.

On March 4, 2003, MEMIC filed a motion for summary judgment on its petition for declaratory judgment. In its motion, MEMIC alleged:

> MEMIC is entitled to judgment as a matter of law as there is no genuine issue of material fact in dispute that Lonnie Nichols is not a named insured or listed as an addition [sic] insured on the Trucking and Excavating policy. Further, MEMIC already paid workers' compensation benefits to the Estate of Ronnie Nowlin for his injuries sustained from this accident pursuant to its insurance policy with Lonnie Nichols Trucking and Excavating, Inc.

On April 2, 2003, Nichols and Nichols Trucking filed a joint response to MEMIC's motion for summary judgment and filed an amended response on April 14, 2002. On April 21, 2003, after the thirty days had expired in which the appellant had to respond to the motion, Rule 74.04(c)(2),[4] she filed a motion to be allowed more time to file her response. The motion was granted on April 28, 2003, presumably pursuant to Rule 44.01(b)(2), giving her until May 12, 2003, to file her response. The trial court's docket sheets indicate that the appellant filed her response to MEMIC's motion for summary judgment on May 9, 2003. However, the appellant failed to include her response as part of the record on appeal. On June 3, 2003, the trial court granted summary judgment to MEMIC.

This appeal followed.

4. All rule references are to the Missouri Rules of Civil Procedure, 2004, unless otherwise

## I.

In both Points I and II, the appellant contends that the trial court erred in granting summary judgment to MEMIC on its petition for declaratory judgment on alternative grounds. Because we find that summary judgment was proper on the ground attacked by the appellant in Point II, her claim in Point I is rendered moot such that we need not address it. *See East Attucks Cmty. Housing, Inc. v. Old Republic Sur. Co.,* 114 S.W.3d 311, 324 (Mo.App.2003) (if the claimant/movant is entitled to summary judgment on any aground alleged in the motion for summary judgment and is supported by the record, the appellate court must affirm the grant of summary judgment). An issue is considered moot on appeal where it will have no practical effect upon any then existing controversy. *In Interest of N.D.,* 857 S.W.2d 835, 843 (Mo.App.1993).

In Point II, the appellant claims that the trial court erred in entering summary judgment for MEMIC on its declaratory judgment petition, seeking a declaration that under the Policy, it did not have a duty to defend or indemnify Nichols in the underlying wrongful death suit, based on the ground that Nichols' alleged negligent acts in the underlying wrongful death action were not covered under the ELI of the Policy due to his not being a named insured. The appellant claims that the trial court erred because coverage for Nichols's acts is expressly provided for in Section B of Part Two, setting forth the ELI of the Policy. We disagree.

Our review of the trial court's grant of a summary judgment motion:

indicated.

is essentially de novo. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. *banc* 1993) (citations omitted). Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law. *Id.* at 380. When reviewing the trial court's grant of summary judgment, we:

> review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*Id.* at 376 (citations omitted). We are to affirm the trial court's grant of summary judgment if it could have been based on any ground raised in the motion and supported by the summary judgment record. *East Attucks*, 114 S.W.3d at 324.

To be entitled to summary judgment, the movant must demonstrate that: (1) there is no genuine dispute as to the material facts on which he relies for summary judgment; and (2) based on those facts, he is entitled to judgment as a matter of law. Rule 74.04(c)(6); *Block Props. Co. v. Am. Nat'l Ins. Co.*, 998 S.W.2d 168, 173 (Mo.App.1999). A movant's right to judgment as a matter of law differs significantly depending upon whether that movant is a "claimant" or a "defending party." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. A claimant must establish that there is no genuine dispute as to those material facts upon which he would have had the burden of persuasion at trial, entitling him to judgment as a matter of law. *Id.* Thus, a claimant, to be entitled to summary judgment, must allege undisputed facts establishing each and every element of his claim. *Id.* In addition, if an affirmative defense is properly alleged by the non-movant, the claimant must also allege undisputed facts that would negate one or more of the elements of the affirmative defense. *Mobley v. Baker*, 72 S.W.3d 251, 257 (Mo.App.2002).

In its petition for declaratory judgment, MEMIC sought a declaration of the trial court that MEMIC had no duty to defend or indemnify Nichols with respect to the appellant's wrongful death action brought against him, individually.[5] As grounds for its motion for summary judgment on its petition for declaratory judgment, MEMIC alleged that under the Policy, it had no duty to defend or indemnify Nichols with respect to the appellant's claim against him because: (1) he was not a named insured under the Policy; and (2) the "damages" alleged in the underlying wrongful death action against Nichols had already been paid under the WCI of the Policy and, therefore, were expressly ex-

---

**5.** Although denominated a "Petition for Declaratory Judgment," the appellant, in the prayer portion of the petition, also sought injunctive relief requesting that the "defendants and each of them are hereby enjoined from further pursuing or instigating any action against the plaintiff for coverage under any of the above-described policies and for such other and further relief as the Court may grant."

cluded from payment under the ELI of the Policy. As noted, *supra,* to be entitled to summary judgment, MEMIC, as a claimant, only had to satisfy the requirements of Rule 74.04 as to one of the grounds alleged in its motion. *East Attucks,* 114 S.W.3d at 324. Thus, we must affirm the trial court's summary judgment for MEMIC on its petition for declaratory judgment against the appellant, if we find from the summary judgment record, as to the first ground alleged in MEMIC's motion, that it was undisputed that Nichols was not a named insured under the Policy and that, in accordance with the terms of the Policy, only the acts of the named insureds were covered under the ELI of the Policy.

■■■■ In paragraph 2 of its statement of undisputed facts supporting its motion for summary judgment, MEMIC stated, in pertinent part: "MEMIC issued a policy of workers' compensation and employers liability insurance to [Nichols Trucking] effective July 1, 1995, and said policy does not name [Nichols] as an insured." This statement is taken as true, unless the appellant filed a timely response, in accordance with Rule 74.04(c)(2), disputing the statement. While the trial court's docket sheets indicate that the appellant filed a response to the motion out of time, with leave of court, she failed to include her response in the record on appeal, preventing us from determining whether she admitted or denied this fact as being undisputed, in accordance with Rule 74.04(c)(2). It was the appellant's duty, under Rule 81.12(c), to provide a full and complete record on appeal that allows us to determine the questions presented "with some degree of confidence that our decision is reasonable, fair and accurate." *C-4 Corp. v. E.G. Smith Constr. Prods.,* 894 S.W.2d 242, 244 (Mo. App.1995). She failed to satisfy that duty by failing to include in the record on ap-

peal her response to MEMIC's motion for summary judgment, precluding us from determining whether she denied in her response MEMIC's statement that Nichols was not a named insured in the Policy. We look at this failure as being unfavorable to the appellant such that we deem MEMIC's statement that Nichols was not a named insured in the Policy as being undisputed. *Id.*

■■■■ Ultimately, the failure of the appellant to include her response to MEMIC's motion for summary judgment in the record on appeal matters not in that the Policy, which is part of the summary judgment record, clearly reflects that the only "named" insured in the Policy is Nichols Trucking. In that regard, the Policy defines "insured":

> You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

In Item 1 of the Information Page, the only insured named or listed is "Lonnie Nichols Trucking & Excavating Inc." Thus, in accordance with the express provisions of the Policy, it is undisputed that Nichols is not considered a named insured.

Because it is undisputed that Nichols is not a named insured in the Policy, in contending that Nichols is an insured under the Policy so as to defeat MEMIC's summary judgment on the basis that he was not, the appellant could not rely on there being a genuine factual dispute as to Nichols' being a "named" insured under the Policy. Thus, she is left to argue on appeal, as she does that the express language of the ELI of the Policy provides for coverage for Nichols in the underlying wrongful death action, even though he is not a named insured. MEMIC, of course, con-

tends just the opposite as a basis for the trial court's summary judgment being affirmed. Thus, in determining whether the trial court was correct in granting summary judgment to MEMIC on its petition for declaratory judgment on the ground that Nichols's alleged acts in the wrongful death action were not covered under the Policy, we are called upon to construe the language of the Policy, which is a legal issue we determine *de novo. Stotts v. Progressive Classic Ins. Co.,* 118 S.W.3d 655, 662 (Mo.App.2003).

In interpreting an insurance contract, we are to read the contract as a whole and determine the intent of the parties, giving effect to that intent by enforcing the contract as written. *Id.* In doing so, we are to give the language used in the insurance contract its plain and ordinary meaning. *Id.* If, giving the language used its plain and ordinary meaning, the intent of the parties is clear and unambiguous, we cannot resort to rules of construction to interpret the contract. *Id.* The mere fact that the parties disagree over the interpretation of the terms of a contract does not create an ambiguity. *Id.* An ambiguity arises where there is a duplicity, indistinctness, or uncertainty in the meaning of the words used in an insurance contract. *Id.* If a term is specifically defined in an insurance policy, courts will normally look to that definition and nowhere else to determine its meaning. *Id.* at 663. However, in order for the contract definition to necessarily control, the definition itself must be reasonably clear and unambiguous. *Id.* Otherwise, an appellate court is free to give a reasonable construction to the term, applying general contract principles and resolving doubts in favor of the insured. *Id.*

The Policy issued by MEMIC to Nichols Trucking is denominated as a "Workers Compensation and Employers Liability Insurance Policy." Part One provides "Workers Compensation Insurance," obligating MEMIC to pay any "benefits" to employees required of the named employer under the Workers Compensation Law. Part Two provides "Employers Liability Insurance," obligating MEMIC to pay any sums that the named employer must pay as "damages" because of bodily injury to an employee. Section B of Part Two sets forth the provisions as to what MEMIC is obligated to pay under the ELI of the Policy. It reads:

B. We Will Pay

We will pay all sums *you* legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, *where recovery is permitted by law,* include damages:

1 for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

2. for care and loss of services; and

3. for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

Section D of Part Two sets forth the provisions as to when MEMIC is obligated to

defend under the ELI of the Policy. It reads:

D. We Will Defend

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

Giving this pertinent language of the Policy its plain and ordinary meaning, the context clearly demonstrates that the "you" and "your" references in the Policy refer to the named insured employer. Thus, it is clear and unambiguous that this is an employer's policy, insuring the named employer only with respect to job-related bodily injuries to its employees for benefits the *employer* is obligated to pay under the Workers' Compensation Law, Part One of the Policy, or for damages the *employer* is legally obligated to pay, Part Two of the Policy.

■ There is no language in the Policy that can be construed to require MEMIC to indemnify Nichols for any damages for which he would have to pay the appellant in the wrongful death action filed by her against him, individually. The ELI of the Policy only requires MEMIC to pay for the damages that *it "legally* must pay as damages because of bodily injury to [its] employees." (Emphasis added.) The Policy expressly limits the payment of damages, "where recovery is permitted by law." As a matter of law, Nichols could not seek *indemnification* from Nichols Trucking for any damages for which he would be held liable to the appellant on the underlying wrongful death action against him. *SSM Health Care v. Radiologic Imaging,* 128 S.W.3d 534, 539–40 (Mo.App. 2003). This is so in that indemnity[6] is defined as a:

right that inures to the person who has discharged a duty that is owed by him, but which, as between himself and another, should have been discharged by the other, so that if the other does not reimburse the person, the other is unjustly enriched to extent that his liability has been discharged.

*Id.* at 539. Legally, the only way that Nichols Trucking could be liable in damages for the wrongful death of the appellant's father would be if the appellant brought suit against it, either for its direct negligence, falling outside the Workers' Compensation Law, or on a theory of vicarious liability, *respondeat superior,* based on Nichols' negligent acts, arising out of and in the course of his employment with Nichols Trucking. Of course, in either instance, if held liable for damages, Nichols Trucking would be directly liable to the appellant and would be defended by MEMIC as the named insured under the Policy. Neither would, nor could, by law, involve the indemnification of Nichols for any damages assessed against him in the wrongful death action brought against him by the appellant. Thus, the trial court was correct in declaring in its summary judgment that, as a matter of law, MEMIC did not have a duty to defend and indemnify

---

**6.** "Indemnification" is in contrast to "contribution" among *joint* tortfeasors, which is permitted, the reasoning being that the "party seeking contribution and the party from whom it is being sought share a common liability or burden" and that the "party seeking contribution has discharged more than his share of that common liability or burden." *SSM Health Care,* 128 S.W.3d at 539.

Nichols in the wrongful death suit brought against him, individually, by the appellant.

Despite the law and the clear interpretation to be given to the Policy concerning the extent of its liability coverage, the appellant contends that such coverage exists as to Nichols in the underlying wrongful death suit, pursuant to the express language of paragraphs B.1, B.3, and B.4 of the ELI. The contention is without merit. The Policy clearly limits liability coverage to the named employer, Nichols Trucking, in such sums that it "legally must pay as damages because of bodily injury to [its] employees." Paragraph B sets out the damages to be paid, *if,* and only if, Nichols Trucking is first found to be legally liable in damages. The language of section B does not create liability coverage, but simply delineates and limits the damages to be paid, provided liability is found first.

Point denied.

## II.

In Point III, the appellant claims that the trial court erred in entering summary judgment for MEMIC, on its declaratory judgment petition, on the ground that Nichols' alleged negligent acts in the underlying wrongful death action were not covered under the Policy, due to his not being a named insured, because the Policy is ambiguous as to its coverage under the ELI of the Policy and, therefore, should be interpreted against the drafter, MEMIC, in favor of coverage. In ruling as we do as to Point II, *supra,* concerning the clear and unambiguous language of the Policy demonstrating no coverage for Nichols in the underlying wrongful death action, we necessarily find against the appellant in this point.

Point denied.

## Conclusion

The judgment of the Circuit Court of Boone County, granting MEMIC's motion for summary judgment on its petition for declaratory judgment, is affirmed.

ULRICH, P.J., and LOWENSTEIN, J., concur.